DUNCAN, Respondent, v. HAHN, Appellant.

(162 N. W. 743.)

(File No. 4091.   Opinion filed May 16, 1917.)

1.   Appeals—Error—Review—Failure to Agree on Abstract—Settled Record, as Basis of Appellate Decision.

The parties having failed to agree on an abstract of record, and settled record being on file in Supreme Court, the opinion on appeal will be based upon contents of such settled record.

2.   Partnership—Accounting—Rental for Partner's Living Room—Finding re Agreement—Sufficiency of Evidence.

In a suit for partnership accounting, it appearing in evidence that there was no express agreement between the partners that respondent should pay rental for occupation by him of living rooms in the partnership store building, while some evidence tended to show a mutual understanding that such occupation should be free of charge, held, that there was not sufficient evidence to warrant referee in holding respondent liable for such rentals.

3.   Partnership—Partner's Agreement to Devote Time to Other Business and Pay Earnings to Partnership, Whether a Contribution to Partnership Capital?

Where a partner in a mercantile business agreed to devote his entire time to other than the partnership business, and that his salary earned should go to the partnership, held, that this was not an agreement to pay capital into the partnership, but was the turning into it of something belonging to the partnership; nor could such partner, in a suit by the other for an

accounting, maintain that he had a right, upon dissolution of
the partnership, to withdraw what he had so put in, as consti-
tuting capital, or that he could have at any time refused to
put in such earnings as further capital.

Appeal from Circuit Court, Lincoln County.   Hon. JOSEPH
W. JONES, Judge.

Action by H. M. Duncan, against H. W. Hahn, for a partner-
ship accounting.   From a decree on report of referee, defendant
appeals.   Affirmed.

*A. J. Keith,* and *L. M. Morris,* for Appellant.

*Parliman & Parliman,* for Respondent.

(3.)   To point three of the opinion, Appellant cited:   Bates
on Partnership, Vol. 1, Sec. 251; Vol. 2, Sec. 815.

WHITING, J.   [1] From the year 1897 down to the year
1913 the parties hereto were copartners in the mercantile business,
and this cause is before us upon an appeal from a decree in a
partnership accounting.   This decree was based upon the report
of a referee to whom the matter had been referred for trial.   The
parties having failed to agree on an abstract of the record here-
in, and the settled record being on file in this court, our opinion
herein is based upon the contents of such settled record.   The
questions before us will be readily understood by a brief state-
ment of the facts.   Upon the creation of this partnership it was
understood that this mercantile business should be in the charge
of respondent, but that both parties should devote their full time
for the benefit of the partnership—it being understood that appel-
lant was to devote his time to matters other than this mercantile
business, and that whatsoever salary he earned should go to the
partnership.   During the first few years of the existence of this
partnership appellant was engaged in running an elevator and
also part of the time in selling machinery.   About the year 1903
a bank was organized of which appellant was president.   From
the organization of the partnership up to February, 1906, the
partnership received regularly from appellant the salary which he
earned, and also received certain rentals paid by the bank for the
use of rooms occupied in the partnership's store.   After the organ-
ization of the bank, such money was received by means of a credit
to the partnership's account on the books of the bank.   After Feb-
ruary, 1906, no such credits were given to the partnership.   Dur-
ing several years respondent occupied living rooms on the upper

floor of the store building, which store building belonged to the partnership.

[2] Upon the accounting appellant claimed that the partnership should be credited with and respondent debited to the fair rental value of the living rooms. There was evidence tending to show that it was mutually understood that respondent should have such living rooms free of charge. There was no claim made that any express agreement for such rental was ever entered into or that any charge for same was ever entered upon the partnership books. It appeared that for a considerable period of time appellant boarded with the respondent's family without charge. If further appeared that the placing of the rooms in a condition for habitation was done largely at the expense of respondent. There was no evidence that would have warranted the referee in holding respondent liable for such rentals.

[3] The main matter in dispute relates to the question of whether appellant was chargeable, after February, 1906, for his bank salary and for certain rentals claimed to be due owing to the bank's continued occupancy of a part of the storeroom. Respondent testified that there was an understanding that appellant, instead of crediting the said salary and rentals from month to month on the bank books as had been done prior thereto, should apply such salary upon a certain note held by the bank against the partnership. Appellant at no time during the progress of the trial of this cause disputed his liability to the partnership for such salary and rentals, and in fact testified freely and fully that the agreeemnt was as contended for by respondent—to wit, that such salary and rentals should go for the benefit of the partneship— but he contended that why the same had not been credited to the partnership on the books of the bank after February, 1906, as they had been prior thereto, was because it was then agreed that he should apply his said salary and such rentals toward the taking up of certain notes other than the note which respondent contends was to be taken care of by appellant. It was appellant's contention that the partnership had taken numerous notes from its patrons and had sold the same to the bank, guaranteeing their payment, and that in the case of many of these notes the makers had failed to pay the same, and the partnership had thus become responsible to the bank thereon, and that from time to time, as

there was salary and rentals due and sometimes in advance thereof, he took up, on behalf of the partnership, many of these notes. He claimed credit for the amounts so applied. He testified fully as to the method in which he took up these notes. He testified as to how much there was due on each note at the time he redeemed them for the partnership, and stated from which year's salary he made each redemption. The amount of notes so redeemed by him, with other credits which he claimed against the partnership, amounted in the aggregate to more than the amounts for which he was chargeable in favor of the partnership. In fact, appellant went to the extent of producing and giving in evidence a typewritten statement showing fully the amounts with which he conceded he was chargeable for salaries and rentals from year to year during the full period of the partnership, and showing all the moneys for which he claimed he was entitled to credit, including thereon a list of the notes and the amount he claimed credit for on each. It was the contention of respondent that the partnership was never liable upon any of these notes; that they were brought by the bank without recourse. There was some evidence received which would tend to show that the makers of some of thees notes did in fact pay the same to the bank. There was absolutely no evidence of any records, either the bank books or the partnership books, to substantiate appellant's claim. For some unexplained reason, after testifying in full as above noted and introducing the above statement, the appellant withdrew all claims to credits on account of the payments which he had testified to have made in the redemption of all of the notes for which respondent claimed the partnership was not liable. There was thus left no matter in dispute other than the question of respondent's liability for rental of the living rooms. In strict accord with the testimony of appellant himself, with the exception of his claims in relation to the rental of such living rooms, the referee made findings and conclusions and the judgment was strictly in accordance therewith. While this cause was thus tried out upon the theory above indicated, and there is nothing in the proceedings upon the trial before the referee to indicate in the remotest degree that appellant made any contentions inconsistent with his admissions before the referee, in his exceptions to the referee's report, on his motion for new trial, and finally upon this appeal, he takes the position

that his agreement to turn in his salary was nothing more nor less than an agreement to put into the partnership further capital; that upon dissolution he had a right to withdraw what he had so put in as capital; that he had a right at any time to refuse to put in any further capital; and that the only remedy of the partnership for his failure to contribute such further capital would be to sue him for such damages as may have resulted to the partnership from his failure to live up to his agreement. There is absolutely no merit to appellant's contention, even if the same had been timely presented. Under the agreement as testified to by both of these parties, the turning in of this salary was not a payment of capital into the partnership, but was the turning into the partnership of something absolutely belonging to the partnership as much as would the purchase price of goods which the appellant might have purchased of the partnership have belonged to such parnership.

The judgment appealed from is affirmed.