STATE, Respondent, v. MERN, Appellant.

(164 N. W. 76.)

(File No. 4036. Opinion filed August 23, 1917.)

Larceny—Joint Stealing of Horses—Knowledge of Brand—Accompanying Co-defendant With Already Stolen Horses—Evidence, Sufficiency.

> Where the only evidence tending to show defendant's guilt of theft of horses jointly with another, is that, defendant resided in the county from which the horses were stolen and not far from the owner, that he was familiar with their brand, had been at a place in another county where his co-defendant took the stolen horses two or three days before .he arrived, and a few days thereafter accompanied co-defendant who went away with them and afterwards disposed of them, held, that the evidence fails to sustain a conviction; nor does the fact that defendant afterward claimed to have raised the horses himself tend to prove that he assisted co-defendant in stealing them. There was entire failure of proof.

Appeal from Circuit Court, Butte County. Hon. JAMES McNENNY, Judge.

The defendant, William Mern, was convicted of larceny of horses, and he appeals. Reversed and remanded.

*Harry P. Atwater,* and *H. M. Lewis,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *J. W. Malvin,* State's Attorney, for the State.

GATES, P. J. · The defendant was indicted, jointly with William Uren, for the larceny of two horses in Butte county.

There were separate trials. Uren was convicted, and his conviction was affirmed by this court. 39 S. D. 15, 162 N. W. 745. From a judgment of conviction, and an order denying a new trial, defendant appeals.

The testimony on behalf of the state tends to show that Uren brought the horses to the home of one Thorpe, a brother-in-law of defendant, in Perkins county, the latter part of May, 1915; that defendant, a resident of Butte county, whose residence was not far from that of the owner of the stolen horses, and who was familiar .with the owner's brands, had been at Thorpe's place two or three dtys before Uren arrived; and that after a few days Uren and defendant went. away together with the horses, and afterwards disposed of them. Upon this evidence, coupled with the fact that the defendant was seen in Butte county several times in the spring of 1915, we are asked to sustain the conviction. If the charge had been that of receiving stolen property in Perkins county, knowing it to be stolen property, we would find no particular difficulty in sustaining the conviction. It may be, as claimed by the Attorney General, that defendant was with Uren on the way from Butte county to Thorpe's, and that he went on ahead to see if "the coast was clear;" but there is no evidence thereof. Such claim is based wholly on surmise. Nor does the fact that defendant afterwards claimed to have raised these horses himself tend to prove that he assisted Uren in stealing them. · We are of the view that there was an entire failure of proof that defendant committed a crime in Butte county.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.